# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Edward S. Kiel |
| | : | |
| v. | : | Mag. No. 20-15477 (ESL) |
| | : | |
| FRANKLIN EXEQUIEL ALVARADO-MEZA, | : | **CRIMINAL COMPLAINT** |
| a/k/a "Franklin Exequiel," | : | |
| a/k/a "Franklin E. Alvarado Meza" | : | |

I, Derek Kardos, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief:

SEE ATTACHMENT A

I further state that I am a Deportation Officer with the United States Department of Homeland Security, Immigration and Customs Enforcement, and that this complaint is based on the following facts:

SEE ATTACHMENT B

*Derek Kardos*
Derek Kardos
Deportation Officer
Immigration and Customs Enforcement
U.S. Department of Homeland Security

Deportation Officer Derek Kardos attested to this Affidavit by telephone pursuant to FRCP 4.1(b)(2)(A) on this __9th__ day of November 2020 in the District of New Jersey.

HONORABLE EDWARD S. KIEL        *Edward S. Kiel*
UNITED STATES MAGISTRATE JUDGE   Signature of Judicial Officer

CONTENTS APPROVED

UNITED STATES ATTORNEY

BY:  /s/ Patrick C. Askin
     _____
     PATRICK C. ASKIN
      Assistant United States Attorney

Date:   November 9, 2020

## **ATTACHMENT A**

On a date on or after February 24, 2011, and on or before August 10, 2020, in Essex County, in the District of New Jersey, and elsewhere, the defendant,

FRANKLIN EXEQUIEL ALVARADO-MEZA,
a/k/a "Franklin Exequiel,"
a/k/a "Franklin E. Alvarado Meza,"

being an alien, and on or about March 23, 2009, having been convicted in the Superior Court of Washington for King County, of Possession of Cocaine, a controlled substance and narcotic drug, in violation of Title 69, Chapter 50, Section 4013, of the Revised Code of Washington ("RCW"), a felony, and thereafter having been deported and removed and having departed from the United States while an order of deportation was outstanding, did knowingly and voluntarily enter, attempt to enter, and was found in the United States without the Attorney General or the Secretary of Homeland Security expressly consenting to the defendant's re-applying for admission to the United States prior to his re-embarkation at a place outside the United States.

In violation of Title 8, United States Code, Sections 1326(a) and 1326(b)(1).

**ATTACHMENT B**

I, Derek Kardos, am a Deportation Officer with the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and items of evidence. Where statements of others are related herein, they are related in substance and part. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1.  The defendant, FRANKLIN EXEQUIEL ALVARADO-MEZA, a/k/a "Franklin Exequiel," a/k/a "Franklin E. Alvarado Meza," (the "Defendant"), is a citizen of Honduras, and he neither is a citizen nor a national of the United States.

2.  On or about December 19, 2007, the Defendant was arrested by the Seattle Police Department in Washington, for Possession of Cocaine, a controlled substance and narcotic drug, in violation of Title 69, Chapter 50, Section 4013, of the Revised Code of Washington ("RCW").  This offense is a felony.  On or about March 23, 2009, the Defendant pled guilty in the Superior Court of Washington for King County, to this felony offense, and was subsequently sentenced to three months' imprisonment. ,

3.  On or January 28, 2010, the Defendant voluntary departed under safeguard from the United States to Honduras.

4.  At some point after his January 28, 2010 voluntary departure, the Defendant re-entered the United States without permission from either the Attorney General or the Secretary of Homeland Security.

5.  On or about July 27, 2010, the Defendant was arrested by the United States Border Patrol ("USBP") in Texas for illegal entering the United States. On or about July 29, 2010, the Defendant was charged by law enforcement officials in the Western District of Texas (Del Rio) with violating Title 8, United States Code, Section 1326(a)(1), for an alien who entered or was found in the United States at or near Del Rio, Texas, after having been denied admission, excluded, deported, or removed from the United States through Phoenix, Arizona (on or about January 28, 2010), and not having obtained the express consent of the Secretary of the Department of Homeland Security or the Attorney General of the United States to reapply for admission thereto.

6.  On or about October 28, 2010, the Defendant pled guilty in the United States District Court for the Western District of Texas (Del Rio), to

Improper Entry by Alien – First Offense, in violation of Title 8, United States Code, Section 1325(a)(1) and was subsequently sentenced to a term of six months' imprisonment.

7. On or about February 24, 2011, the Defendant was removed from the United States to Honduras. Shortly before his removal from the United States on or about February 24, 2011, the Defendant was given notice that since he was found to be inadmissible, he was prohibited from entering the United States for a period of 5 years. The defendant was also warned that it is a crime for any alien who has been removed from the United States to enter, attempt to enter or be found in the United States without the Secretary of Homeland Security's express consent and that entering the United States without the Secretary's consent was a felony punishable by a period of imprisonment. An official from ICE took a fingerprint from the Defendant.

8. At some point after his February 24, 2011 removal, the Defendant re-entered the United States without permission from either the Attorney General or the Secretary of Homeland Security.

9. On or about August 10, 2020, the Defendant was arrested by the West Orange Police Department in New Jersey, for committing various weapon related offenses, including but not limited to, Prohibited Weapons Hollow Point, in violation of Section 2C:39-3(f)(1) of the New Jersey Code of Criminal Justice ("NJCCJ"). These charges are presently pending. On or about the same day, an immigration detainer was lodged against him.

10. On or about August 26, 2020, the Defendant entered into the custody of ICE in New Jersey.

11. Fingerprints taken from the Defendant pursuant to his to his February 2011 deportation and the August 26, 2020, fingerprints that were taken after he entered ICE's custody, were compared and found to be an identical match. These fingerprints correspond with criminal records maintained by the FBI for ALVARADO-MEZA, under FBI # 7734310TC9. The defendant's criminal record under this FBI number lists the felony conviction in the State of Washington in 2009 referenced above in paragraph # 2.

12. Prior to the Defendant's reentry into the United States, neither the Attorney General nor the Secretary of Homeland Security consented to the Defendant re-entering the United States. The Defendant also did not receive a waiver allowing him to re-enter the United States.